Case 4:22-cv-01314 Document 26 Filed on 01/31/23 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY JEREMY HARPER, | § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-1314 |
| BOBBY LUMPKIN, | § § § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254, challenging the denial of his release to parole. Respondent filed a motion for summary judgment (Docket Entry No. 19), to which petitioner filed a response (Docket Entry No. 20).

Having considered the motion for summary judgment, the response, the record, public court records, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this lawsuit for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Petitioner was convicted of murder in Harris County, Texas, and sentenced to life incarceration in 1990. In the instant proceeding, petitioner complains that the Texas Board of Pardons and Paroles (the "Board") denied him parole in March 2021. (Docket Entry No. 20, p. 7.) He claims that the Board's decision constitutes double jeopardy and violated his

Sixth Amendment rights because he was not informed of the "accusations" behind the parole denial. He asks that the Court grant habeas relief and order his release to parole.

Respondent argues that habeas relief should be summarily denied because petitioner did not exhaust his state court remedies prior to filing this lawsuit.

## II. ANALYSIS

A petitioner must fully exhaust state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). Section 2254(b)(1)(A) provides that an application for writ of habeas corpus "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." To exhaust in accordance with section 2254, a petitioner must fairly and properly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, the exhaustion requirement is satisfied when the substance of the federal claim is fairly and properly presented to the Texas Court of Criminal Appeals on direct appeal or in a state post-conviction proceeding. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of an available state corrective process or circumstances exist that render the available process ineffective. 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement extends to habeas claims concerning the denial of parole. *See Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (holding that claim challenging denial of parole requires exhaustion of state remedies).

Respondent asserts that petitioner did not exhaust his state court remedies through the Texas Court of Criminal Appeals prior to filing this action. In support, respondent directs the Court to public online records for the Texas Court of Criminal Appeals. The Court has reviewed those records and takes judicial notice that petitioner has not filed any proceedings with that court since 2010.[1] Petitioner presents no probative summary judgment evidence controverting these public records, and he fails to establish that he exhausted his state court remedies as to his 2021 parole denial. Nor does he demonstrate the absence of an available state corrective process or circumstances that render the available process ineffective.

Petitioner did not exhaust his state court remedies prior to filing this lawsuit, and respondent is entitled to summary judgment dismissing this case.

### III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 19) is **GRANTED** and this lawsuit is **DISMISSED WITHOUT PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on  JAN 3 1 2023  .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c, "Harper, Timothy Jeremy" (last visited January 30, 2023) (showing no habeas applications filed since 2010).